(No. 2933—)

ELIZABETH S. BOURLAND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1940.*

Claimant, pro se.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

In her amended Complaint, claimant alleges in substance that on October 30th, 1934, she was appointed Home Visitor in the Department of Public Welfare, at a salary of $135.00 per month; that she performed all of the duties of her employment until August 29th, 1935, when she was discharged; that she was paid for her services the sum of $112.50 per month

from November 20th, 1934 to and including June 30th, 1935; that there is now due and owing to her for her salary as aforesaid, the sum of $22.50 per month from October 30th, 1934 to and including June 30th, 1935; also $150.00 per month from June 30th, 1935 to August 30th, 1935; also the sum of $16.44 for expenses incurred while in such employ.

It appears from the evidence that claimant was appointed Home Visitor, Division of Visitation of Children, by Mr. A. L. Bowen, Director of the Department of Public Welfare, on November 20th, 1934; that such appointment was on a temporary permit, subject to the next Civil Service Examination; that she was asked to report for duty at once to Edna Zimmerman, Superintendent, and to notify the Director at once if she was unable to accept the position; that on November 22nd claimant wired Edna Zimmerman that she would arrive Friday morning for instruction; that on November 26th claimant was advised by Miss Zimmerman that the salary available to her office was $112.50 per month.

In a letter from Miss Zimmerman to claimant, dated December 15th, 1934, it was stated,

"It is understood that you are to receive $112.50 per mo.";

and in another letter from Miss Zimmerman to claimant, dated January 5th, 1935, claimant was notified that a payroll voucher in her favor had been approved at $112.50 beginning November 20th.

Shortly after her appointment, claimant filed her application for Civil Service Examination, and on February 7th, 1935 was advised that her application had been rejected on account of lack of college education or its equivalent. The Civil Service examination was approved May 21st, 1935, and when it came to the attention of the aforementioned Director that claimant had not taken such examination, to-wit, on or about the 18th day of June, 1935, he notified the Secretary of the Civil Service Commission that he was arranging to classify claimant as a maternity hospital inspector in the Division of Child Welfare, effective July 1st, and asked that her title be changed accordingly.

There are in evidence photostatic copies of payroll vouchers issued to claimant as follows: $153.75 covering salary and wages for the period from November 20th to December 30th, 1934; also six vouchers in the sum of $112.50 each,

covering salary and wages for the months of January to June, 1935, both inclusive.

On May 30th, 1935 Miss Zimmerman wrote to claimant as follows:

"The Civil Service Commission has advised that you did not take the examination for Home Visitor which was held March 14th, and, in future, it will not be possible to approve salary for you under that classification.

"This matter will be taken up with Mr. Bowen, Director, to learn what may be worked out."

Claimant states that she never received such letter, and her testimony to that effect is not impeached in any way.

Respondent takes the position that the aforementioned letter of May 30th constituted a discharge or release of the claimant, and that she is not entitled to be compensated for the services rendered by her after that date, although it is not denied that the claimant rendered services to August 29th as claimed, and it is admitted by the Director of the Department that there was no dissatisfaction with her services, but that, on the contrary, they were quite satisfactory.

We are not convinced that the aforementioned letter of May 30th constituted a discharge or release of claimant, and respondent's contention in that behalf is not consistent with the aforementioned letter from the Director of the Department to the Secretary of the Civil Service Commission dated June 18th, 1935, in which he stated that he was arranging to classify claimant as a maternity hospital inspector, and requested that her title be changed to cover such classification. As we view the matter, claimant's classification was changed, but she remained in the employ of the respondent until subsequently discharged on August 29th, 1935.

There is no testimony in the record to substantiate claimant's claim for expenses paid.

From certain conversations preliminary to her appointment, claimant apparently was under the impression that she was to receive a salary of $135.00 per month. However, no statement to that effect was made to her by the Director of the Department or anyone having authority to act for him in the matter, and the evidence clearly shows that within a week after her appointment, claimant was advised by her superior officer that the salary available to her office was $112.50 per month; also that she accepted and cashed monthly payroll vouchers computed on the basis of $112.50 per month, covering her salary from the date of her appointment to July 1st,

1935. We conclude, therefore, that as to such period she has been paid the full salary to which she is entitled.

As to the services rendered by claimant from July 1st, 1935 to August 29th, 1935, inclusive, there is no question but what the services were rendered as claimed, and that claimant has not been paid therefor. There was no dissatisfaction with her services and claimant had no knowledge that she was released from the service of the respondent until the 29th day of August, 1935.

As to such services, we conclude that she is entitled to be compensated therefor at the rate of $112.50 per month, and award is therefore entered in favor of the claimant for the sum of Two Hundred Twenty-five Dollars ($225.00).

Mr. Justice Linscott took no part in the consideration of this case.